UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

HARRIET PATILLA,

        Plaintiff,

v.                                                Case Number 06-12641-BC
                                                  Honorable David M. Lawson

WAL-MART STORES, INCORPORATED
and WAL-MART ASSOCIATES,
INCORPORATED,

        Defendants.
_____/

**ORDER DENYING MOTION FOR RECONSIDERATION OF REMAND ORDER**

On July 27, 2006, this Court filed an order remanding this case to the Saginaw County, Michigan circuit court, where the lawsuit was filed, because of the defendants' failure, on two occasions, to provide the Court with facts (as opposed to mere conclusions) justifying its claim that the amount in controversy in this case exceeded $75,000 and therefore that the matter fell within this Court's diversity jurisdiction. *See* 28 U.S.C. §§ 1332(a), 1441. The defendants now have filed a motion seeking reconsideration of that order.

Congress has required that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The Supreme Court has read the next section of that statute, 28 U.S.C. § 1447(d), as precluding review of a remand order based on a finding that subject matter jurisdiction is wanting. *See Thermtron Prods., Inc, v Hermansdorfer*, 423 U.S. 336, 345 (1976). The Sixth Circuit has suggested that the language in section 1447(d) ("An order remanding case to the State court from which it was removed is not reviewable on appeal or otherwise") precludes reconsideration of a remand order even by the district court that issued it "because a remand to state court divests a district court of

jurisdiction such that it may not take any further action on the case." *Brierly v. Alusuisse Flexible Packaging, Inc,* 184 F.3d 527, 531 (6th Cir. 1999). Other circuits uniformly have adopted that interpretation of section 1447(d). *See, e.g., New Orleans Public Service, Inc v. Majoue,* 802 F.2d 166, 167 (5th Cir. 1986) (stating that "[n]ot only may the [remand] order not be appealed, but the district court itself is divested of jurisdiction to reconsider the matter"); *Hunt v. Acromed Corp,* 361 F.2d 1079, 1081-82 (3rd Cir. 1992) (holding that clerk's act of sending a certified copy of the remand order to the state court deprived the district court of jurisdiction to entertain reconsideration motion); *In re Lowe*, 102 F.3d 731, 735 (4th Cir. 1996) (ordering district court by means of writ of *mandamus* to cease further action in a case where it reconsidered its previous remand order because "the entry of the order of remand . . . divested the district court of all jurisdiction in this case and precluded it from entertaining any further proceedings of any character"). The Court concludes, therefore, that it does not have jurisdiction to entertain the motion for reconsideration of its previous remand order.

Even if the Court had such jurisdiction, however, the defendants would not be entitled to relief. The Court will grant a motion for reconsideration only if the moving party shows: (1) a "palpable defect," (2) that the defect mislead the Court and the parties, and (3) that correcting the defect will result in a different disposition of the case. E.D. Mich. LR 7.1(g)(3). A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest, or plain. *Fleck v. Titan Tire Corp.,* 177 F. Supp. 2d 605, 624 (E.D. Mich. 2001). Further, the Local Rules also provide that any "motion for rehearing or reconsideration which merely present the same issues ruled upon by the Court, either expressly or by reasonable implication, shall not be granted." E.D. Mich. LR 7.1(g)(3).

Although it had two opportunities to state facts from which this Court might conclude that the amount in controversy was within the Court's jurisdictional limit, the defendants failed to offer anything more than mere conclusions. In fact, on one occasion the defendants asserted to the Court that it was the plaintiff who alleged in her complaint that she sought judgment in excess of $75,000. However, a cursory reading of the state court complaint discloses the lack of verity in that allegation, since the plaintiff only sought judgment in state court that exceeded $25,000. The defendants have failed to identify any factual mistakes by this Court or a misconstruction or error by which the Court has been misled.

Accordingly, it is **ORDERED** that the defendants' motion for reconsideration of the remand order [dkt # 11] is **DENIED**.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated: August 16, 2006

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 16, 2006.

s/Tracy A. Jacobs  
TRACY A. JACOBS

---